NO. 07-05-0196-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 7, 2005



______________________________




SAMMY RICHARD MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,213-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Sammy Richard Martinez was convicted by 
a jury of aggravated robbery and punishment was assessed at 30 years confinement. The
clerk's record was filed on August 23, 2005. The reporter's record was due to be filed on
Friday, August 19, 2005, but has yet to be filed. By letter dated September 8, 2005, an
extension of time was granted in which to file the reporter's record and appointed counsel,
Ron Spriggs, was directed to certify by September 28, 2005, whether he had complied with
Rules 34.6(b)(1) and 35.3(b) of the Texas Rules of Appellate Procedure. Counsel did not
respond. Thus, we now abate the appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 37.3(a)(2). 

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal, and if so,

 2. why appellant has been deprived of a reporter's record.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue this appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel. The trial court shall execute findings of fact, conclusions of law, and such orders
as the court may enter regarding the aforementioned issues, and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental record of the
hearing shall also be included in the appellate record. Finally, the trial court shall file the
supplemental records with the Clerk of this Court by Friday, November 4, 2005.

 It is so ordered.

 Per Curiam

Do not publish.



="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00344-CR, 07-09-00345-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 12, 2010



 



 

ROBERT TIJERINA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17408-0710, A17409-0710; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Appellant, Robert Tijerina,
appeals from his conviction for driving while intoxicated, third or more, and
sentence of 55 years incarceration in the Texas
Department of Criminal Justice, Institutional Division.

After
one extension was granted, the clerk=s record was filed on January 13, 2010.  The reporter=s record was initially due on December 7, 2009.  On December 15, 2009, the Clerk of this Court
notified the reporter that the reporters record was past due and directed the
reporter to advise the Court of the status of the reporters record on or
before December 28, 2009.  On December
23, 2009, the reporter filed a request for extension of time to file the record
on the basis of the reporters caseload. 
On January 4, 2010, the Court granted that motion and extended the
deadline for filing the reporters record to January 15, 2010.  The reporter filed a second request for
extension of time to file the record on January 14, 2010, indicating that 14
and one half volumes of the 17 volume record had been completed.  On January 21, 2010, the Court granted the
motion and extended the deadline to February 16, 2010.  On February 23, 2010, the Clerk of this Court
again notified the reporter that the reporters record was past due and
directed the reporter to advise the Court of the status of the reporters
record on or before March 5, 2010.  On
March 5, 2010, the reporter again filed a request for extension of time to file
the record indicating that her caseload was preventing her from completing the
record.  We deny the reporter=s third request for extension of time
to file the reporter=s record as not being supported by
good cause.  

Accordingly,
we abate this appeal and remand the cause to the trial court for further
proceedings.  See Tex. R. App. P. 35.3(c).  Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine whether the reporter=s caseload is such that an alternate or substitute reporter
should or can be appointed to complete the record in this appeal in a timely
manner.  If so, the trial court is
directed to take whatever steps are necessary to ensure that the reporter=s record in this appeal is filed as
soon as practicable.

The
trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1)
execute findings of fact and conclusions of law addressing the foregoing
issues, (2) cause a supplemental clerk=s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3)
cause a reporter=s record to be developed transcribing
the evidence and arguments presented at the aforementioned hearing, if
any.  The trial court shall then file the
supplemental clerk=s record and any reporter=s record transcribing the hearing
with the Clerk of this Court on or before April 7, 2010.  Should further time be needed by the trial
court to perform these tasks, same must be requested before April 7, 2010.

It is so
ordered.

Per Curiam

 

Do not publish.